UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

March 26, 2010

TO ALL COUNSEL OF RECORD:

Subject: *Joyce R. Stahl v. Comm'r of Social Security Administration*
Civil Action No.: JKB-09-1884

Dear Counsel:

On July 17, 2009, the Plaintiff, Ms. Joyce R. Stahl, *pro se*, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (Paper No. 1.) I have considered Defendant's motion for summary judgment (Paper No. 16), to which Plaintiff filed no opposition. I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am affirming the agency's decision, and I am writing this letter to explain my rationale.

The Appeals Council denied Ms. Stahl's request for review (Tr. 5-7), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. In his written decision, the ALJ found that Plaintiff had acquired sufficient quarters of coverage to remain insured through June 30, 2001. (Tr. 13.) Ms. Stahl's benefits application on September 20, 2003, was based upon her claim of disability due to eye injury, osteoporosis (60% loss of bone), coronary condition (30%-40% blockage), collapse of T-11 and T-12 vertebrae, asthma, right and left side pelvic fractures, right hand being crushed, and loss of balance. (Tr. 59.) Her alleged onset date of disability was January 1, 1996. (Tr. 44.)

The ALJ determined that Plaintiff had two severe impairments: cervical and lumbar degenerative disc disease and decreased vision in the right eye.[1] (Tr. 15.) He further determined that Ms. Stahl's disc disease did not meet the Listing of Impairment ("LOI") 1.04 because the medical evidence did not show that she had suffered any motor loss resulting in the inability to perform fine and gross movements or resulting in the inability to ambulate effectively. (Tr. 17.) As for LOI 2.02, the ALJ found that the record did not demonstrate any indication that Ms. Stahl has less than 20/200 vision in her better eye. (*Id.*) Thus, Plaintiff did not have an impairment or

---

[1] Ms. Stahl accidentally cut her eye with a knife in 1994 and underwent several surgeries. (Tr. 15, 320.) She regained only minimal vision in her right eye. (Tr. 135.) She received Social Security benefits for one year following her eye injury. (Tr. 15.)

Case 1:09-cv-01884-MJKB   Document 18   Filed 03/26/10   Page 2 of 4

Letter to Counsel – Stahl v. Comm'r of Social Security Admin.
March 26, 2010
Page 2

combination of impairments that met or medically equaled the LOI. (*Id.*) Through June 30, 2001 (date of last insured or "DLI"), she was found to have the residual functional capacity ("RFC") to perform a substantial range of light work, but she was limited to simple, routine, unskilled, low-stress work and, because of her decreased depth perception, must avoid concentrated exposure to hazards (heights, machinery, etc.). (Tr. 18.) The ALJ found that Plaintiff's description of the extent of her symptoms and their intensity, persistence, and limiting effects were "not entirely credible in light of the reports of the treating and examining practitioners and the findings made on examination." (*Id.*) In short, the ALJ decided that Ms. Stahl's complaints were "out of proportion with the record prior to the date her insured status expired." (Tr. 19.)

The ALJ further determined that Plaintiff was unable to perform her past relevant work as a certified nurse's assistant and retail salesperson because of their exertional demands. (*Id.*) Based upon Ms. Stahl's 1949 birth date, the ALJ found that she was 46 years old on the DLI. (Tr. 20.)[2] The ALJ concluded that she was unable to perform the full range of light work. (*Id.*) The Vocational Expert testified that someone with Plaintiff's abilities and limitations could work as either a hand packer or sorter and that such jobs were available in significant numbers in the national and regional economy. (Tr. 665-66.) Accordingly, the ALJ ruled that Ms. Stahl was not under a disability from January 1, 1996, through June 30, 2001. (Tr. 21.)

Plaintiff raised two issues in her *pro se* complaint. She asserted that Defendant "failed to properly evaluate the medical reports and evidence" and used her failed attempt to return to work in 2000 against her as the basis for denying her claim. (Paper No. 1 at 1-2.) The latter assertion is plainly contradicted by the record. The ALJ noted that Ms. Stahl had earned $374.07 in 2000 but that it could not be considered substantial gainful activity. (Tr. 15.) The ALJ also did not refer to her ill-fated attempt to work in 2000 in his analysis. The obvious conclusion is that her unsuccessful effort in 2000 to return to work was not used as the basis for denying her disability claim.

As for her general complaint that Defendant failed properly to evaluate medical reports and evidence, the Court has reviewed the record and finds otherwise. The Court has considered whether the ALJ's finding of only two severe impairments, as opposed to the greater number claimed by Ms. Stahl, during the applicable time period is supported by substantial evidence. A severe impairment is considered to be one, or a combination of impairments, that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520a(c). Plaintiff alleged disability from osteoporosis, coronary condition, collapse of T-11 and T-12 vertebrae, asthma, right and left side pelvic fractures, right hand being crushed, and

---

[2] This is incorrect. Plaintiff was 51 years old on June 30, 2001. However, the ALJ placed Ms. Stahl in the correct age bracket of 50 to 54 at the hearing when he set out the parameters for the hypothetical question posed to the Vocational Expert. (Tr. 665.) Consequently, the Court reasonably regards the ALJ's reference to an incorrect age for Plaintiff on the DLI as nonreversible error.

Case 1:09-cv-01884-MJKB Document 18 Filed 03/26/10 Page 3 of 4

Letter to Counsel – Stahl v. Comm'r of Social Security Admin.
March 26, 2010
Page 3

loss of balance. (Tr. 59.) After reviewing the entire record, the Court agrees with the ALJ's conclusion:

> The undersigned took into consideration all the claimant's other diagnosed conditions, including depression and chest pain, and finds that there is minimal clinical evidence to corroborate or support any finding of significant vocational impact related [to] them. The claimant is found to [have] no restrictions in activities of daily living, and no difficulties in maintaining social functioning and in maintaining concentration, persistence or pace.

(Tr. 17.) The ALJ further stated:

> The record fails to show that the claimant had been hospitalized for her impairment or show that the claimant had received significant active care other than for conservative routine maintenance. *In fact, the claimant received no substantive regular or intensive treatment from 1996 until 2003 for any one diagnosis, but only intermittent treatment for a wide variety of complaints including multiple fractures that apparently healed without permanent complications.*

(Tr. 18 (emphasis added).) The record supports the ALJ's finding on this point. The Court also affirms the conclusion reached by the ALJ that none of Ms. Stahl's impairments or the combination of her impairments met or medically equaled any of the listings in the LOI. As did the ALJ, the Court notes that no medical source opined that Plaintiff was unable to work during the applicable time period. The ALJ's RFC for Ms. Stahl is also supported by the record. The RFC was based upon a physical RFC by a state medical consultant (Tr. 380-87) and a "psychiatric review technique" report by another consultant (Tr. 475-88). They appear consistent with the record evidence. Because the Vocational Expert indicated that jobs that Ms. Stahl could perform during the relevant time period were available in significant numbers in the economy, the ALJ was correct in concluding that Plaintiff was not disabled on or before the date of last insured.

It is unfortunately possible for a disability applicant's health to decline precipitously after the date of last insured, even to the point that such an individual could be considered "disabled." However, that difficult circumstance does not change the validity of a determination of nondisability on or before the DLI. Defendant is charged with applying governing law, and despite what may be Ms. Stahl's poorer state of health now, it is this Court's judgment that Defendant's decision conforms to the law and is supported by substantial evidence.

For the foregoing reasons, the Court will enter a separate order AFFIRMING the agency's decision and GRANTING Defendant's Motion for Summary Judgment.

Case 1:09-cv-01884-MJKB   Document 18   Filed 03/26/10   Page 4 of 4

Letter to Counsel – Stahl v. Comm'r of Social Security Admin.
March 26, 2010
Page 4

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed accordingly.

                                        Very truly yours,

                                                  /s/

                                        James K. Bredar
                                        United States Magistrate Judge

JKB/jh